**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                                          TELEPHONE (605) 224-0560
**BANKRUPTCY JUDGE**                                                                                          FAX (605) 224-9020

March 20, 2006

Trustee Forrest C. Allred
14 Second Avenue SE, Suite B
Aberdeen, South Dakota   57401

Gregory P. Grajczyk
Post Office Box 68
Milbank, South Dakota   57252

      Subject:  *In re Gregory P. Giessinger*,
                  Chapter 7, Bankr. No. 05-10394

Dear Trustee and Counsel:

    The matter before the Court is the Objection to Claimed Homestead Exemption filed by Trustee Forrest C. Allred and Debtor's response.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter shall constitute the Court's interim decision. As set forth below, case law does not support Debtor's claimed homestead exemption in a remainder interest.

    *Summary*. Gregory P. Giessinger ("Debtor") filed a Chapter 7 petition in bankruptcy.  He declared exempt as his homestead the following:

    1/3rd undivided remainder interest in Govt lot 2, SW1/4
    of NW1/4 and SW1/4 of NE1/4, Sec19, Twp 122N R47 and
    SE1/4of NE1/4of Sec 24, Twp 122 N R48 all W of 5th PM,
    Roberts County, SD

("farm ground").  Debtor valued this farm ground at $27,000, declared the $27,000 in value exempt, and stated there were no secured claims against it.

    Debtor also scheduled a house he owns in Milbank, South Dakota.  He valued the house at $30,000 and stated there were secured claims totaling $36,000 against it.[1] He claimed this house

---

    [1] Debtor reaffirmed the mortgage on his Milbank home via an agreement filed on December 13, 2005. In the reaffirmation agreement, Debtor and the mortgagee stated the secured claim on the

In re Giessinger
March 20, 2006
Page 2


exempt under S.D.C.L. § 43-45-4 at a zero value.[2]

Trustee Allred timely filed an objection to Debtor's claimed homestead exemption.  He argued Debtor did not live on the farm ground and did not have a *bona fide* intent to live there in the future, especially where he presently resided in the Milbank house. Trustee Allred also objected to Debtor's attempt to declare any interest in the Milbank house exempt under § 43-45-4 since that state code section encompasses only personal property.

In his response to the objections, Debtor said South Dakota homestead law does not require him to currently occupy the farm ground, nor does it require the land be presently improved.  He further stated he unequivocally intends to live on that farm ground after it comes into his possession.  Debtor conceded he was not entitled to declare any of the value of the Milbank house exempt under § 43-45-4.[3]

The matter has been set for an evidentiary hearing, and both parties have filed briefs.  In his brief, Trustee Allred appeared to acknowledge a debtor could declare a homestead in a future interest exempt if he had a "*bona fide*, legitimate, present" intent to make the land his home [italics in the original].  He cited *In re Roger L. Dice*, Bankr. No. 96-30095, slip op. (Bankr. D.S.D. April 2, 1997), and *Eagle Feather v. McHenry*, 190 N.W. 328, 330 (S.D. 1922).

In his brief, Debtor described his interest in the farm ground as "an undivided remainder interest in certain unimproved real estate." He admitted he does not currently live there.  Debtor cited several cases regarding the general policies behind South Dakota's homestead laws and focused on the case law in which the

---

petition date was $36,144.13 and the value of the home was $37,250.00.

[2] A claimed exemption at zero value declares nothing exempt. *Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 71-73 (B.A.P. 8th Cir. 2001).

[3] Based on the values set forth in Debtor's reaffirmation agreement with his mortgagor, the unencumbered portion of the Milbank house is $1,105.87, and that equity is estate property.

In re Giessinger
March 20, 2006
Page 3

court held whether a homestead exists depends largely on the debtor's intent.

    *Discussion*. On the petition date, Debtor held only a remainder interest in the farm ground. A remainder interest, as a future interest, however, is not sufficient to support a homestead exemption during the continuance of the prior estate. *Moncur v. Jones*, 31 N.W.2d 759, 765 (S.D. 1948); S.D.C.L. § 43-3-7 (description of a future interest). Debtor did not hold possession of the farm ground on the petition date. *See Rowett v. McFarland*, 394 N.W.2d 298, 307 (S.D. 1986). Accordingly, unless Debtor can show the Court more recent controlling South Dakota case law that holds otherwise, Trustee Allred's homestead exemption will be sustained, and the hearing set for March 24, 2006, will be canceled.

                                            Sincerely,

                                            Irvin N. Hoyt
                                            Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota